**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
   **UNITED STATES OF AMERICA,**

                    **18-cr-18 (ALC)**

      -against-

                    **ORDER & OPINION**

   **CARLOS REYES-GONZALEZ, HECTOR**
   **JOEL DUPREY VASQUEZ, and**
   **RAYMOND RODRIGUEZ ESTRADA,**

                    **Defendants.**

-------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      The Government charged Hector Joel Duprey Vasquez (hereinafter, "Defendant" or "Mr. Vasquez") with one count of conspiracy to distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and one count of distributing and possessing with intent to distribute five hundred grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B). In April 2019, Mr. Vasquez pleaded guilty to the conspiracy count. He now desires to withdraw his guilty plea and proceed to trial. For the following reasons, Mr. Vasquez's motion to withdraw his guilty plea is hereby DENIED.

## BACKGROUND

### I. Preliminary Proceedings

      In January 2018, Mr. Vasquez was arrested and charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms and more of mixtures and

1

substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). ECF No. 9. In a conference on October 15, 2018, the Court set a trial date of April 2, 2019. ECF No. 51. Upon the parties' request, on March 21, 2019, the Court adjourned the trial until April 8, 2019, with a final pre-trial conference scheduled for April 4, 2019. ECF No. 71.

On March 25, 2019, the grand jury returned a Third Superseding Indictment as to Mr. Vasquez and one of his co-Defendants (hereinafter, "co-Defendant" or "Mr. Estrada"). ECF No. 72. The Third Superseding Indictment contained three counts: (1) that co-Defendant and Mr. Vasquez conspired to distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); (2) that Mr. Vasquez distributed and possessed with intent to distribute five hundred grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B); (3) that co-Defendant attempted to distribute and possess with intent to distribute five hundred grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). *Id.* A few days later, on March 28, 2019, the parties filed their motions in limine, proposed voir dire questions and requests to charge. ECF Nos. 75-81. On April 3, 2019, the Government filed its opposition to the Defendant's motion in limine. ECF No. 83.

## II. Plea Negotiations

On April 3, 2019, the Government sent Mr. Vasquez's defense counsel at the time, Zachary Taylor ("Mr. Taylor" or "Prior Counsel"), a plea agreement (hereinafter, "Plea Agreement") which provided that the Government would accept a plea to Count One of the Third Superseding Indictment, which charged the Defendant with conspiring to distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing a

detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). Gov't Ex. 9. It contained a Stipulated Guidelines Sentence calculation based on a drug weight of at least five but less than fifteen kilograms of cocaine and a two-point offense reduction level because Defendant had accepted responsibility, which resulted in an adjusted offense level of 28. *Id.* Because this count carried a mandatory minimum sentence of 120 months' imprisonment, the resulting Stipulated Guidelines Sentence was 120 months' imprisonment. *Id.*

### III. Mr. Vasquez's Guilty Plea

On April 4, 2019, when the parties appeared for the final pre-trial conference, Mr. Vasquez indicated that he wished to enter a guilty plea pursuant to the Plea Agreement. ECF No. 122-2 ("Plea Tr.") at 6:9-13. Mr. Vasquez pleaded guilty to Count One of the Third Superseding Indictment. Plea Tr. During the hearing, this Court meticulously discussed the charges and Plea Agreement with Mr. Vasquez. *Id.* He affirmed, under oath, that he fully understood his rights, was satisfied with counsel's representation, and was pleading guilty because he was in fact guilty. *Id.*

The Court began the conference by arraigning Defendants Vasquez and Estrada on the Third Superseding Indictment. Plea Tr. at 2:11-14. The Court asked whether both Defendants had seen a copy of the Third Superseding Indictment and both Defendants unequivocally affirmed that they had. *Id.* at 2:15-19. The Court went on to read the three counts included in the Third Superseding Indictment and asked the Defendants whether they understood them, to which they responded affirmatively on all three counts. *Id.* at 2:20-5:5. The Defendants also confirmed that they had each discussed the indictment with their lawyers. *Id.* at 5:6-11. For the purposes of arraignment, Mr. Taylor entered a not guilty plea on behalf of Mr. Vasquez. *Id.* at 5:25-6:4.

Once the Defendants were arraigned, Mr. Vasquez was sworn in. As indicated by the record, the Court and Mr. Vasquez discussed his health and mental state. Mr. Vasquez stated that he had never been treated for any mental health problems nor addiction or alcohol abuse and that he was not currently under the care of a physician or psychiatrist for any reason. Plea Tr. at 7:24-8:7. He further testified that in the previous 24 hours he had not had any medication, drugs, pills or alcoholic beverages and that his mind was clear as he sat in the courtroom. *Id.* at 8:8-12. The Court found Mr. Vasquez competent to proceed. *Id.* at 8:22-24.

Next, the Court informed Mr. Vasquez that he had a constitutional right to continue to plead not guilty, to a speedy and public trial by a jury, to the appointment of an attorney, and to the presumption of innocence. Plea Tr. at 8:25-9:23. The Court also explained the process of a jury trial and the standard requiring the Government to prove each element beyond a reasonable doubt for a conviction to stand. *Id.* at 9:24-10:2, 11:17-12:25. The Court then walked through each element of the charge, asking Mr. Vasquez if he understood the elements as they were being discussed. *Id.* at 10:5-11:16. Mr. Vasquez testified that he did. *Id.* The Court reiterated that even if Mr. Vasquez was guilty, he was not required to plead guilty, and Mr. Vasquez stated that he understood. *Id.* 13:15-18.

After discussing the trial process, the Court outlined sentencing, the presentence report and the Sentencing Guidelines calculation. Plea Tr. 14:1-15:19. The Court explained that the Sentencing Guidelines are advisory, that the Court is not required to follow that range, that an unsatisfactory guideline range is no grounds for withdrawal of a plea, and that an unsatisfactory sentence is no grounds for withdrawal of a plea. *Id.* at 14:18-15:19. Mr. Vasquez stated that he understood all this. *Id.*

The Court then turned to the Plea Agreement. Plea Tr. at 15:23-25. Mr. Vasquez affirmed that his signature was on the document, that he had read the document, discussed it with his lawyer, that it contained the entirety of the agreement, and that he understood it. *Id.* at 15:24-16:11. The Court went on to explain the applicable statutory penalties including terms of imprisonment, supervised release, and fines. *Id.* at 16:16-18:8. The Court also addressed citizenship and the statutory right to appeal. *Id.* at 18:9-19:12. The Court then asked whether Mr. Vasquez was satisfied with his legal representation, and Mr. Vasquez unequivocally stated that he was. *Id.* at 19:19-21. Prior Counsel stated that he was not aware of any reason why Mr. Vasquez should not plead guilty or of any legal defenses to the charge. *Id.* at 19:22-20:2. Mr. Taylor noted for the record "that the weight of the controlled substance involved must be proven beyond a reasonable doubt by the government, that being five kilograms or more of cocaine." *Id.* at 20:3-7. The Court asked Mr. Vasquez whether he understood that, and Mr. Vasquez confirmed that he did. *Id.* at 20:8-20:20.

After the Court's thorough examination and explanation of the Plea Agreement and Mr. Vasquez's rights, the Court asked Mr. Vasquez if he was willing to give up his right to a trial and all the other rights discussed. Plea Tr. at 20:23-25. He answered in the affirmative. *Id.* at 21:1. Mr. Vasquez indicated that no promises nor threats were made forcing him to give up those rights. *Id.* at 21:2-8. Mr. Vasquez then pleaded guilty to Count One of the Third Superseding Indictment. *Id.* at 21:9-11.

Upon pleading guilty, the Court asked Mr. Vasquez to describe what he did to make him guilty of that crime. Plea Tr. at 21:12-13. Mr. Vasquez stated:

> In about 2015 I agreed with others to send cocaine from Puerto Rico to the Bronx through U.S. mail so it could be sold in the New York area. I knew at the time that I made this agreement that it was illegal. And I take full responsibility for what I did and agreed to do.

5

*Id.* at 21:14-18. The Court then asked whether Mr. Vasquez agreed to sell five kilograms or more of cocaine in the New York area, and Mr. Vasquez unequivocally answered that he did. *Id.* at 21:19-22.

After this exchange, the Court found that Mr. Vasquez understood the rights that he was waiving and that there was a factual basis for the plea. Plea Tr. at 22:20-22. Ultimately, the Court accepted Mr. Vasquez's plea of guilty. *Id.* at 22:22-23.

### IV. Post-Plea Proceedings

On May 7, 2019, the Court ordered Prior Counsel substituted and the case was assigned to Avraham C. Moskowitz. ECF No. 95. On August 15, 2019, Bernard Alan Seidler appeared on Mr. Vasquez's behalf. ECF No. 110. During this time, the original sentencing date of July 11, 2019 was adjourned twice and eventually rescheduled for December 10, 2019. ECF Nos. 101, 114. At a status conference on September 17, 2019, Mr. Seidler confirmed that he had been retained by Mr. Vasquez and that they would be ready to proceed with sentencing on December 10, 2019. ECF No. 120.

### V. Vasquez's Motion to Withdraw His Guilty Plea

On October 21, 2019, Mr. Seidler filed a motion to withdraw Mr. Vasquez's plea of guilty along with a supporting declaration from Mr. Vasquez. ECF Nos. 123-124. According to Mr. Vasquez, his Prior Counsel was relieved by the Court and replaced with Mr. Moskowitz due to his "profound disappointment with the quality of the legal representation [he] was provided." ECF No. 124 ("Vasquez Decl."), ¶ 2. He further confirmed that on August 15, 2019, he retained Mr. Seidler to represent him. *Id.* He requested to withdraw his guilty plea because "it was not made knowingly and voluntarily because of the ineffective representation [he] received from attorney Taylor." *Id.* ¶ 3. According to Mr. Vasquez, the "instant guilty plea . . . made pursuant

to this plea agreement conferred no real benefit" on him because whether Defendant pleaded guilty or went to trial, the same mandatory ten-year sentence applied. *Id.* He argued that his guilty plea was not voluntary because:

(1) he was "never informed of, or shown the third superseding indictment" until the date he entered his guilty plea;

(2) he "never received a copy of the third superseding indictment from [his] attorney" before he pleaded guilty, nor did he "discuss that indictment with the attorney" before pleading guilty;

(3) he "never had a discussion of any kind with [his] attorney concerning what additional Discovery request was appropriate concerning the [T]hird [S]uperseding [I]ndictment," and no such request was ever made;

(4) he was "never furnished a copy of the plea agreement until [he] visited [his] attorney's office 45 minutes before the April 4, 2019 [] guilty plea was made" and he "never discussed that plea agreement with [his] family, or the attorney" and "[i]t was never explained to [him];"

(5) "[a]ttorney Taylor never explained to [him] when [he] received the plea agreement that [he] had to sign [his] acceptance of the agreement, and plead guilty the same day [he] received from Taylor the plea agreement;"

(6) Mr. Taylor filed no motions of any kind on his behalf;

(7) Mr. Taylor scripted Mr. Vasquez's plea allocution and told him to read it to the Judge;

(8) Mr. Taylor "instructed [him] to plead guilty to the charged relevant conduct concerning drug weight even though [he] repeatedly told Taylor [his] case conduct could not possibly involve the 5 kilograms of cocaine charged."

Vasquez Decl. ¶ 5. The Government filed an opposition to Mr. Vasquez's motion, ECF No. 135, and Mr. Seidler submitted a reply declaration in further support of Mr. Vasquez's motion, ECF No. 140. On December 19, 2019, Prior Counsel submitted a declaration responding to Mr. Vasquez's allegations. ECF No. 150 ("Taylor Decl."). After briefing from the parties, the Court granted Defendant's request for an evidentiary hearing. ECF No. 161. This evidentiary hearing was held on April 13, 2021 and May 26, 2021. ECF Nos. 186-188. The Court heard from both

7

Mr. Vasquez and Mr. Taylor. *See* ECF No. 192 ("Evid. Hr'g Tr.") and ECF No. 190 ("Evid. Hr'g Cont'd Tr."). Both sides indicated that no post-hearing briefing was necessary. ECF No. 189.

## LEGAL STANDARD

### I. Ineffective Assistance of Counsel

Ineffective assistance of counsel may render a guilty plea involuntary. *See United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005); *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992). Claims of ineffective assistance of counsel in this context are governed by the Supreme Court's test from *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a defendant to establish that: (1) counsel's representation "fell below an objective standard of reasonableness" as measured under "prevailing professional norms;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 688, 694.

In the plea context, when evaluating counsel's performance under the first prong of the *Strickland* standard, "attorneys must, at the very least, communicate the terms of a plea offer to their clients." *United States v. Nunez-Polanco*, 20 F. Supp. 3d 473, 479 (S.D.N.Y. 2014) (citing *United States v. Brown*, 623 F.3d 104, 112 (2d Cir. 2010)); *see also Missouri v. Frye*, 566 U.S. 133, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."). This includes the obligation to inform the client "about the considerations that are relevant to her client's decision to accept or deny a plea bargain." *Davis v. Greiner*, 428 F.3d 81, 88 (2d Cir. 2005); *accord Purdy v. United States*, 208 F.3d 41, 44-45 (2d Cir. 2000).

The showing required under the second *Strickland* prong depends on whether the defendant has accepted or rejected the plea offer based on alleged ineffective assistance of counsel. A defendant who has rejected a plea offer "must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." *Frye*, 566 U.S. at 147. The defendant "must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." *Id.*

If, instead, the defendant chose to plead guilty, he must prove that, but for counsel's mistakes, he would have rejected the plea offer and proceeded to trial. See *Arteca*, 411 F.3d at 320 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The defendant must also show "that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). In making this determination, courts consider a number of factors, including whether (1) the defendant knew "that the advice on which he claims to have relied might be incorrect;" (2) pleading guilty led to more lenient sentencing; (3) "the defendant advanced any basis for doubting the strength of the government's case against him;" and (4) the government could have prosecuted the defendant on additional counts. *Chhabra v. United States*, 720 F.3d 395, 408 (2d Cir. 2013).

## II.     Motions to Withdraw a Guilty Plea

Courts have observed that a "guilty plea is a 'grave and solemn act,' not to be entered into or withdrawn lightly." *United States v. Rich*, 83 F. Supp. 3d 424, 430 (E.D.N.Y. 2015) (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997)). Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure allows a defendant to withdraw his or her guilty plea before

the district court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal."

The relevant factors to consider in determining whether this high standard has been met include "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004). A fourth factor courts look at is "whether the defendant has raised a significant question about the voluntariness of the original plea." *Id*. at 103 (internal quotation marks and alterations omitted). A defendant has the burden to show that there are valid grounds for withdrawing a guilty plea. *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016). Furthermore, should a defendant challenge the voluntariness of his or her plea, "bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

## DISCUSSION

### I. Mr. Vasquez's Guilty Plea Was Voluntary, and He Did Not Receive Ineffective Assistance of Counsel

Mr. Vasquez claims that he was never informed of or shown the Third Superseding Indictment and that never received a copy nor discussed it with his Prior Counsel before pleading guilty. Vasquez Decl. ¶ 5. Further, Mr. Vasquez asserts that he was not furnished a copy of his Plea Agreement until 45 minutes before pleading guilty, that he never discussed it with his attorney, and that it was never explained to him that he would have to sign the Plea Agreement and plead guilty the same day. *Id.* At the evidentiary hearing, Mr. Vasquez testified that his Prior Counsel showed him two copies of the Plea Agreement, one of which contained a minimum

sentence of ten years and another which contained a minimum sentence of five years. *See, e.g.*, Evid. Hr'g Tr. at 15:17-22. Mr. Vasquez also claims that Prior Counsel never filed any motion on his behalf, specifically that no motion concerning a fingerprint allegedly recovered was ever filed, and no challenge to the legality of case searches and seizures was ever made. Vasquez Decl. ¶ 5.

To succeed on an ineffective assistance of counsel claim, Mr. Vasquez must demonstrate that Prior Counsel's alleged actions rendered his guilty plea involuntary. For the reasons discussed below, the Court finds that Prior Counsel did not provide Mr. Vasquez with ineffective assistance of counsel, and, even if he did, Mr. Vasquez has failed to show any resulting prejudice.

### A. Prior Counsel's Representation Did Not Fall Below an Objective Standard of Reasonableness

The Court rejects Mr. Vasquez's contention that Prior Counsel's representation "fell below an objective standard of reasonableness" for three reasons. *Strickland*, 466 U.S. at 688. First, the Court credits Prior Counsel's declaration and testimony during the evidentiary hearing indicating that Mr. Taylor discussed the Third Superseding Indictment and the Plea Agreement with Mr. Vasquez prior to his guilty plea. Taylor Decl. ¶¶ 6-8; Evid. Hr'g Cont'd Tr. at 30:8-11, 32:22-35:2, 40:23-41:21, 43:25-44:4. Second, the record indicates that Mr. Vasquez reviewed the Third Superseding Indictment and discussed it with his Prior Counsel before entering his guilty plea. Plea Tr. at 5:6-16. Further, Mr. Vasquez affirmed to the Court under oath that he had discussed the Plea Agreement with his Prior Counsel before signing it and that it was his signature on the document. *Id.* at 15:24-16:4. He also stated that he read the document, "fully underst[oo]d it," and that it constituted the entirety of his agreement with the Government. *Id.* at 16:5-11. The record also indicates that Mr. Taylor did file motions on behalf of Mr. Vasquez and

11

that there was no remaining discovery to be requested upon the return of the Third Superseding Indictment. *See* ECF Nos. 56, 66, 75; *see also* Taylor Decl. ¶ 17; Evid. Hr'g Cont'd Tr. at 29:8-16. Third, Mr. Vasquez has offered no evidence to corroborate his claims.

In regard to Mr. Taylor's declaration and in-person testimony, the Court credits his testimony that he explained both the Third Superseding Indictment and the Plea Agreement to Mr. Vasquez. The day he pleaded guilty, Mr. Vasquez arrived at Mr. Taylor's office at approximately 9:30 a.m. to discuss and review the Plea Agreement. Taylor Decl. ¶ 8. After discussing it for approximately 45 minutes, Mr. Vasquez told Mr. Taylor that he understood what was in the Plea Agreement and that "rather than continuing to review it with [him], he wanted to spend the remaining time before the hearing with . . . his family." *Id.* While Mr. Taylor's in-person testimony corroborated that he showed Mr. Vasquez the Plea Agreement and another document prior to his guilty plea, Mr. Taylor's testimony indicates that he thoroughly explained that the Plea Agreement would govern. Evid. Hr'g Cont'd Tr. at 30:8-11, 32:22-35:2, 44:18-46:19. More importantly, Mr. Vasquez understood that the Plea Agreement would govern. *Id.* at 44:18-46:19. Mr. Taylor also discussed the Third Superseding Indictment with Mr. Vasquez shortly after receiving it via telephone, and he testified that Mr. Vasquez read it at the meeting in his office the morning before he pleaded guilty. *Id.* at 40:24-41:21, 43:25-44:4.

In addition to crediting Mr. Taylor's testimony, this Court specifically addressed the issues and allegations presented by Mr. Vasquez during the Plea Hearing on April 4, 2019. The Court specifically asked whether Mr. Vasquez had reviewed and discussed the Third Superseding Indictment and the Plea Agreement with Mr. Taylor, to which Mr. Vasquez answered that he had. *Id.* at 5:6-16, 15:24-16:4. He also stated that he read the Plea Agreement, "fully underst[oo]d it," and that the signed Plea Agreement constituted the entirety of his

agreement with the Government. *Id.* at 16:5-11. His unsubstantiated and unsupported claims that he was not shown and that he did not discuss the Third Superseding Indictment with Prior Counsel and that Prior Counsel did not show him or discuss the Plea Agreement with him, directly contradict his sworn testimony—testimony that is afforded substantial weight. *See United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001).

Mr. Vasquez also asserts that he received ineffective assistance of counsel because Mr. Taylor filed no motions of any kind on his behalf, and because he and Mr. Taylor never had a discussion regarding what kind of discovery request would be appropriate for the Third Superseding Indictment. Vasquez Decl. ¶ 5. The record indicates that Mr. Vasquez's first assertion is false. Mr. Taylor filed three motions on Mr. Vasquez's behalf: one for modification of conditions of release to have Mr. Vasquez's ankle monitor removed, which was granted, ECF Nos. 56-57, and another motion to suppress evidence, ECF No. 66, which was mooted. Mr. Taylor also filed a motion in limine on behalf of Mr. Vasquez. ECF No. 75. Mr. Vasquez complains that Mr. Taylor did not file a motion concerning a fingerprint allegedly recovered, nor a motion challenging the legality of the searches. Vasquez Decl. ¶ 5. However, Mr. Taylor testified that he retained a fingerprint expert and that the expert agreed with the Government's conclusion that the prints that were lifted from the package in question belonged to Mr. Vasquez. Evid. Hr'g Cont'd Tr. at 19:15-21:12. Mr. Vasquez was informed of the expert's conclusions. *Id.* at 21:13-18. Further, Mr. Taylor declared that, as he had explained to Mr. Vasquez, Mr. Vasquez lacked legal standing to challenge the seizure of evidence since the evidence was seized from one of co-Defendant's vehicles. Taylor Decl. ¶¶ 13, 15. Lastly, Mr. Vasquez's assertion that he and Mr. Taylor did not discuss what additional discovery requests would be appropriate in regard to the Third Superseding Indictment does not render Prior Counsel's assistance ineffective given

that the Government had already produced discovery regarding the charges in the Third

Superseding Indictment. Taylor Decl. ¶ 17; Evid. Hr'g Cont'd Tr. at 29:8-16.[1]

Finally, aside from the directly contradictory claims in Mr. Vasquez's declaration, Mr. Vasquez has offered no evidence to corroborate his claims and satisfy his burden to prove that Mr. Taylor's conduct fell below an objective standard of reasonableness. Mr. Vasquez has not provided this Court with any reason to disregard Mr. Taylor's sworn declaration, the statements made in front of this Court at the Plea Hearing or at the subsequent evidentiary hearing.

Prior Counsel's testimony, Mr. Vasquez's own statements in the record, and a complete lack of supporting evidence all lead this Court to determine that Mr. Taylor's representation did not fall "below an objective standard of reasonableness," and thus the first prong of the *Strickland* test is not met. 466 U.S. at 688.

### B. Mr. Vasquez Has Not Shown That But For Counsel's Ineffectiveness, The Result of the Proceeding Would Have Been Different

Even assuming Mr. Taylor's representation failed to satisfy "prevailing professional norms," Mr. Vasquez has not satisfied the second prong of the analysis by demonstrating that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Mr. Vasquez has simply has not provided any evidence that he

---

[1] The fact that Prior Counsel did not receive 3500 material from the Government does not render his assistance ineffective either. Mr. Vasquez testified that Prior Counsel did not obtain 3500 material from the Government and consequently did not show it to him. Evid. Hr'g Tr. at 20:20-21; *see also* Evid. Hr'g Cont'd Tr. at 8:12-15; ECF No. 140 ("Reply Decl.") at 8. Mr. Taylor confirmed that he did not receive 3500 material from the Government, Evid. Hr'g Cont'd Tr. at 51:20-21, though he had made the request, *id.* at 51:24-25. According to Mr. Taylor, the Government told him that they would receive the 3500 material once the stipulations were signed. *Id.* at 52:2-5.

3500 (i.e. Jencks Act) material refers to any "statement or report in the possession of the United States which was made by a Government witness . . . (other than the defendant)." 18 U.S.C. § 3500(a). The Jencks Act provides that this material may not be the "subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." *Id.* It follows that the material is not required to be produced until after the "witness [has been] called . . . [and] testified on direct examination." 18 U.S.C. § 3500(b). Thus, the fact that Prior Counsel had not received 3500 material two days before trial and had not provided it to Defendant does not render his assistance ineffective.

would have, in fact, gone to trial rather than accept a guilty plea. Mr. Vasquez did not indicate how or why the statements he made in open court were false. Mr. Vasquez did not indicate that he would not have accepted any other agreement. Nor did Mr. Vasquez indicate why he did not address any of these issues sooner.

Moreover, as stated, the Court is "entitled to rely upon the defendant's sworn statements, made in open court . . ., that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, understood that he was waiving [certain rights]," and was satisfied with his counsel. *Hernandez*, 242 F.3d at 112; *accord United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (statements during plea allocation have "such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made"). At the risk of being redundant, during his guilty plea allocution, Mr. Vasquez confirmed that he had discussed his decision to plead guilty with Mr. Taylor. Plea Tr. at 16:2-4. He further confirmed that he understood the various rights he was preserving and giving up by pleading guilty. *See generally*, Plea Tr. Without more, this Court simply does not have sufficient evidence to support Mr. Vasquez's claim that his plea was involuntary.

### C. Mr. Vasquez Has Not Met His Burden to Demonstrate That His Guilty Plea Was Involuntary For Any Other Reason

While the majority of Mr. Vasquez's claim is centered around the ineffectiveness of his Prior Counsel, Mr. Vasquez has also failed to provide any evidence indicating that there are other reasons why his plea was involuntary.

For all these reasons, the Court finds that Mr. Vasquez's guilty plea was knowing and voluntary.

## II. Mr. Vasquez Is Not Otherwise Entitled to Withdraw His Guilty Plea

Considering the other ways in which Mr. Vasquez might have a "fair and just" reason to withdraw his guilty plea also counsels against granting Mr. Vasquez's motion. *See Schmidt*, 373 F.3d at 102-03. The first two factors weigh against allowing Mr. Vasquez to withdraw his guilty plea; however, the third is relatively neutral. First, Mr. Vasquez has not sufficiently asserted his innocence here. Second, sufficient time has elapsed between Mr. Vasquez's guilty plea and his first expression of a desire to withdraw that plea. As to the third factor, the Government would only be moderately prejudiced by withdrawal of the plea.

The first factor—claims of innocence—cuts against allowing Mr. Vasquez to withdraw his guilty plea. Nowhere in his declaration does Mr. Vasquez claim he is innocent. Even if the Court were to construe his assertion that he repeatedly told his Prior Counsel that his "case conduct could not possibly involve the 5 kilograms of cocaine charged," Vasquez Decl. ¶ 5H, "conclusory claims of innocence that leave the court guessing when a defendant is being truthful are inadequate to support withdrawal." *United States v. Gonzalez*, 647 F.3d 41, 54 (2d Cir. 2011). While a motion to withdraw a guilty plea might indicate a belief in one's innocence, simply repeating contradictory statements without any evidence of support does not rise to the level of a claim of actual innocence. *See Torres*, 129 F.3d at 715. The statement that his conduct could not possibly involve the 5 kilograms of cocaine charged carries little weight unless supported by some other evidence. *Id.* During the Plea Hearing, Mr. Vasquez accepted responsibility for the charged crime, including the amount of narcotics involved:

> THE COURT: . . . [O]ne of the elements the government must prove is that the substance you conspired to possess with the intent to sell and sell was a substance containing a mixture and substances of five kilograms or more of cocaine.
>
> Do you understand?

16

>     DEFENDANT DUPREY VASQUEZ: Yes.
>
>     …
>
>     THE COURT: What is it you did that makes you guilty of the crime charged in Count One[?]
>
>     DEFENDANT DUPREY VASQUEZ: In about 2015 I agreed with others to send cocaine from Puerto Rico to the Bronx through U.S. mail so it could be sold in the New York area. I knew at the time that I made this agreement that it was illegal. And I take full responsibility for what I did and agreed to do.
>
>     THE COURT: OK. And was the amount of drugs that you agreed would be sold in the New York area five kilograms and more of substances containing a mixture of cocaine?
>
>     DEFENDANT DUPREY VASQUEZ: Yes.

Plea Tr. at 20:10-16, 21:12-22. Mr. Vasquez has yet to provide evidence or explanation as to why those statements were incorrect and why he is, in fact, innocent. Given this, the Court is concerned that granting Mr. Vasquez's motion would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Hyde*, 520 U.S. at 677.

The second factor—the amount of time that has elapsed—also weighs against granting Defendant's motion to withdraw his guilty plea. Mr. Vasquez entered his guilty plea on April 4, 2019. While he indicated that he was "very unhappy" with the quality of the representation provided by Mr. Taylor only a few weeks later, he did not file a motion to withdraw his guilty plea until October 21, 2019, almost seven months after pleading guilty. ECF No. 140 ("Reply Decl.") at 1; ECF No. 123. This weighs in favor of denying Defendant's motion to withdraw his guilty plea. *See United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008) (affirming denial of motion to withdraw where there was a "five-month lapse in time between his plea and the bringing of his motion"); *United States v. Taylor*, 242 F.3d 369, 2000 WL 1786338, at *4 (2d Cir. 2000) (summary order) (a delay of more than five weeks between plea and motion weighed against granting motion to withdraw).

Given that the first two factors weigh against allowing Mr. Vasquez to withdraw his guilty plea, the Government is not required to make any showing with respect to the third factor—prejudice to the Government. *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) (internal citations omitted). However, the Court may consider "the presence or absence of such prejudice . . . in exercising its discretion." *Id.* Consequently, the Court briefly notes that this factor is relatively neutral. Generally, this factor will weigh in favor of the Government where withdrawing the guilty plea would force the Government to quickly prepare for a trial it did not anticipate having to prosecute. *See United States v. Lopez*, 385 F.3d 245, 254 (2d Cir. 2004). Here, no trial date has been set. However, as the Government notes in their brief, the Government expended significant time and resources preparing for trial, which was only two days away when Mr. Vasquez pleaded guilty. *See* ECF No. 135 at 10. All of that would have to be duplicated if trial were to now be scheduled.[2] It is also quite likely that "memories of witnesses have faded." *Id.* (citing *United States v. Gonzalez*, No. S2 06-cr-726, 2010 WL 1640186, at *7 (S.D.N.Y. Apr. 8, 2010)). These issues could have been avoided had Mr. Vasquez decided to go to trial immediately.

Therefore, the balance of factors weighs against granting Mr. Vasquez's motion to withdraw his guilty plea.

---

[2] It is true that the Court permitted co-Defendant to withdraw his guilty plea due to ineffective assistance of counsel, ECF No. 166, and the Government will already have to expend additional time and resources to try him. However, the Government would be prejudiced by also having to try Mr. Vasquez, though less than they otherwise might have been. Still, this prejudice is not insignificant given that, as a consequence of granting Mr. Vasquez's motion, a trial would either (i) involve multiple defendants or (ii) have to be conducted separately.

## CONCLUSION

For all the foregoing reasons, Mr. Vasquez's Motion to Withdraw his Guilty Plea is DENIED. The Clerk of Court is respectfully directed to terminate ECF No. 123.

**SO ORDERED.**

**Dated: June 28, 2021**
 **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**